IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jennifer Eddings, <u>et al.</u>,        )
                                        )
            Plaintiffs,   ) Case No. C-1-02-177
                                        )
    vs.                    )
                                        )
Village of Woodlawn Police, )
<u>et al.</u>,                          )
                                        )
            Defendants.    )

O R D E R

This matter is before the Court on Defendant MRAVG, LLC's[1] motion to dismiss or in the alternative motion for judgment on the pleadings (Doc. No. 23).  For the reasons set forth below, Defendant's motion to dismiss is **GRANTED IN PART AND DENIED IN PART.**

I. <u>Background</u>

Plaintiffs Jennifer Eddings and Mary Mayberry bring the instant lawsuit on behalf of their minor sons, Raymond Hughes and Corey Mayberry, respectively, against the Village of Woodlawn Police, Detective James Ohl, Skyline, and Dennis Brunsman.  As alleged in the complaint, Plaintiffs' claims arise out of the following set of facts.

---

[1] According to the pleadings, MRAVG, LLC does business as Woodlawn Skyline Chili.  For ease of reference, hereinafter the Court will simply refer to this defendant as "Skyline."

Raymond Hughes, Corey Mayberry, and Defendant Brunsman's daughter, Katie Brunsman were all employees of Skyline. Hughes and Mayberry are African-American; Katie Brunsman is white. Complaint ¶ 14. Hughes, Mayberry and Brunsman were all minor children at the time of the events described in the complaint. Id. ¶¶ 1, 2, 12, 13.

On October 28, 2001, Brunsman told Hughes and Mayberry that she wanted to perform oral sex on them during their shift at work. Complaint ¶ 17. The acting manager of the restaurant gave the children permission to engage in this conduct. Id. at 18. Brunsman and Hughes then went into the freezer where they performed a consensual sex act. Id. at 19.

Although not specifically described in the complaint, it appears that later Brunsman complained to the Woodlawn police that she had been raped because on November 6, 2001, Detective Ohl appeared to investigate the incident. Complaint ¶ 20. The complaint alleges that both Detective Ohl and Brunsman knew that a white woman who claimed that she had been raped by two black men would be believed no matter how implausible her allegations. Id. at 21. Thus, the complaint apparently alleges, Ohl, Brunsman, and Skyline conspired to prosecute unsubstantiated charges against Hughes and Mayberry. Id.

The complaint alleges that when Ohl interviewed Skyline employees who were present at the time of the incident, he

obtained statements which contradicted Brunsman's version of the events.  Id. ¶ 23.  Ohl then told Brunsman about the conflicting statements so that she could make her own statement more credible.  Id. ¶¶ 25, 26.  In addition, the complaint alleges, Ohl attempted to bias witnesses against Hughes.  Id. ¶ 27.  Furthermore, the complaint alleges, Brunsman omitted to give Ohl certain material information, such as that the acting manager walked into the freezer and witnessed the event and that she had been groped by Hughes and Mayberry the previous September.  Id. ¶¶ 24, 28.

In December 2001, Hughes and Mayberry were tried in juvenile court on charges of abduction, rape, and gross sexual imposition.  Complaint ¶ 30.  The magistrate judge dismissed the abduction and rape charges against both juveniles, adjudicated Hughes delinquent on the gross sexual imposition charge, and acquitted Mayberry on the gross sexual imposition charge.  Id. ¶ 33.

As noted above, in March 2002, Plaintiffs filed the instant lawsuit on behalf of their minor sons against the Village of Woodlawn Police Department, Detective Ohl, Skyline, and Dennis Brunsman.  Count I of the complaint asserts state law claims for malicious prosecution against the Village of Woodlawn, Detective Ohl, and Brunsman.  Count II of the complaint asserts claims against Skyline for the alleged negligent hiring, retention, and

supervision of Katie Brunsman.  Count III of the complaint asserts claims under 42 U.S.C. § 1983 against the Village of Woodlawn and Detective Ohl for violation of equal protection.  This Count is based on the alleged racially motivated prosecution of Hughes and Mayberry.  Finally, Count IV asserts claims under 42 U.S.C. § 1985 against all Defendants.  This claim alleges that Defendants conspired to deny Hughes and Mayberry of their right to equal protection by preventing witnesses from coming forward to testify on their behalf.

        Skyline now moves to dismiss both of the claims against it.  With respect to the claims for the alleged negligent hiring, retention, and supervision of Katie Brunsman, Skyline argues that dismissal is warranted because the complaint fails to state any facts which show that it had any prior notice of Brunsman's alleged lascivious tendencies.  Skyline also appears to be puzzled, as is the Court frankly, as to how it can be held liable for damages for what Plaintiffs admit was an entirely consensual encounter.  With respect to the § 1985 claim, Skyline contends that Plaintiffs have failed to allege facts sufficient to show that there was a conspiracy to deny them of their constitutional rights.

        While the Court agrees with Skyline that Plaintiffs' negligent hiring, supervision, and retention claims are

4

insufficient as a matter of law, fairly read, the complaint states a conspiracy claim under § 1985(2).

## II. Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint. In its consideration of a motion to dismiss under Rule 12(b)(6), the court is required to construe the complaint in the light most favorable to the Plaintiff and accept all well-pleaded factual allegations in the complaint as true. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) and Roth Steel Products v. Sharon Steel Corp., 705 F.2d 134, 155 (6th Cir. 1983). A court, however, will not accept conclusions of law or unwarranted inferences which are presented as factual allegations. Blackburn v. Fisk University, 443 F.2d 121, 124 (6th Cir. 1974). A court will, though, accept all reasonable inferences that might be drawn from the complaint. Fitzke v. Shappell, 468 F.2d 1072, 1076-77 n.6 (6th Cir. 1972).

When considering the sufficiency of a complaint pursuant to a Rule 12(b)(6) motion, this Court recognizes that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-6 (1957).

## III. Analysis

### A. Negligent Hiring, Supervision, and Retention

Count II alleges that Skyline was negligent with respect to the hiring, retention, and supervision of Katie Brunsman. Specifically, Count II alleges that Brunsman was an incompetent employee in that she exhibited sexual behaviors during work hours, that Skyline had knowledge of Brunsman acting out in a sexual manner, and that Skyline failed to discipline or terminate her employment.

In order to state a claim for negligent hiring, retention, or supervision, Plaintiffs must allege the following elements: 1) the existence of an employment relationship; 2) that Brunsman was incompetent; 3) that Skyline had actual or constructive knowledge of Brunsman's incompetence; 4) that Brunsman's act or omission caused Plaintiffs' injuries; and 5) that Skyline's alleged negligence was the proximate cause of Plaintiffs' injuries. Browning v. Ohio State Highway Patrol, 786 N.E.2d 94, 103 (Ohio Ct. App. 2003).

Like Skyline, the Court does not believe that Ohio law would permit Plaintiffs to recover damages caused by their own voluntary and consensual conduct. See id. at 106 (holding, in employment situation, plaintiff could not recover damages for negligent infliction of emotional distress where plaintiff voluntarily engaged in sexual relations with her supervisor). In any event, the allegations in the complaint are insufficient as a matter of law to establish Skyline's actual or constructive

6

knowledge of Brunsman's alleged incompetence. As noted, the complaint alleges that Brunsman had a history of acting out in a sexual manner at work and that Skyline was aware of this behavior. On similar facts, however, other courts have held that this kind of sexual acting out is insufficient to put the employer on notice of the employee's alleged incompetence. In Browning, the court found that the Highway Patrol's actual knowledge that the employee had engaged in other extramarital sexual relationships was insufficient as a matter of law to establish the foreseeability element. Id. at 103-04. In Wagoner v. United Dairy Farmers, Inc., No. C-990767, 2000 WL 1714252 (Ohio Ct. App. Nov. 17, 2000), an eighteen year old employee had sexual intercourse in the store bathroom with a twelve year old customer. In her claim for negligent hiring, retention, and supervision, Plaintiff claimed that the employee's conduct was foreseeable because he had previously flirted with teenage girls who frequented the store, spoke to girls on the phone and boasted to co-workers that he was having sex or would like to have sex with particular girls, and had previously had a sexual relationship with a co-worker's minor daughter during off-duty hours. Id. at *1. Nonetheless, the court held that these instances of prior behavior were legally insufficient to establish the foreseeability of the employee's conduct:

> Parker's alleged flirtations, and boastful comments, though sexually-oriented, were not criminal, tortious,

7

>           or otherwise dangerous.  And because Parker was also a
>           minor when he engaged in the sexual relationship with
>           his co-worker's minor daughter, that conduct was not
>           criminal, tortious, or otherwise dangerous.

Id. at *2.  In this case, as alleged in the complaint, Brunsman's alleged incompetent behavior was nearly identical to that of Parker's in Wagoner.  Therefore, the Court finds that the complaint is legally insufficient regarding the foreseeablilty of Brunsman's conduct.  Accordingly, the complaint fails to state a claim for negligent hiring, retention, and supervision.

Although Plaintiffs ask that they be permitted to file an amended complaint in the event that dismissal is appropriate, the Court believes that because of the consensual nature of the conduct at issue, any further amendment espousing this theory of liability would likely be futile.  Consequently, to extent Plaintiffs seek leave to amend the complaint, the request is not well-taken.

For the reasons stated, Skyline's motion to dismiss Plaintiffs' claims for negligent hiring, retention, and supervision is well-taken and is **GRANTED**.  These claims are **DISMISSED WITH PREJUDICE.**

### B. 42 U.S.C. § 1985

Skyline also argues that the complaint fails to state a claim for a conspiracy to deny Plaintiffs of their constitutional right to equal protection.  Although the complaint does not specify under which subsection of § 1985 Plaintiffs bring their

claims, because Plaintiffs allege that Defendants conspired to prevent witnesses from coming forward on their behalf, the Court assumes that the claims arise under the second clause of § 1985(2).  The complaint also may appear to allege that Skyline attempted to prevent witnesses from coming forward through intimidation because this count also alleges that a witness was fired for testifying on behalf of Plaintiffs.  Section 1985(2) provides:

> (2) Obstructing justice; intimidating party, witness, or juror
>
> If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;

42 U.S.C. § 1985(2).  Broken down into its constituent elements, in order to state a claim under the second clause of § 1985(2), the plaintiff must allege: 1) a conspiracy between two or more persons; 2) for the purpose of impeding, hindering, obstructing

or defeating the course of justice in a state or territorial court; and 3) with the intent of denying a citizen the equal protection of the laws or to injure him in his person or property.

Although the allegations against Skyline with regard to this claim are not particularly cogent, the complaint does allege that "Defendants acted in concert with the managers/owners of Skyline Chili and agreed that the employees would not discuss their knowledge of this case with anyone."  Complaint ¶ 57. Furthermore, the complaint alleges that Skyline retaliated against an unnamed employee for testifying on behalf of Plaintiffs.  <u>Id.</u> ¶ 59.  The Court recognizes that though the alleged retaliation was not directed specifically at Plaintiffs, § 1985(2) does protect against retaliation against those who testify truthfully on behalf of persons of a particular race. <u>See</u> <u>Chavis v. Clayton County Sch. Dist.</u>, 300 F.3d 1288, 1291-94 (11th Cir. 2002).  Thus, although Plaintiffs could not recover for the specific act of retaliation, the alleged retaliatory act might reasonably be considered to be a part of the alleged conspiracy to deprive Plaintiffs of their right to equal protection.  For instance, such an act could be interpreted as a warning to other employees not to come forward on behalf of Plaintiffs.  Taken together, these acts could be construed to be part of a conspiracy to obstruct justice in the juvenile court

proceedings. In any event, although the complaint might reasonably be interpreted to contain claims arising under other clauses of § 1985, for present purposes, this count is sufficient to withstand Skyline's motion to dismiss.

Accordingly, Skyline's motion to dismiss Plaintiffs' § 1985 claims is not well-taken and is **DENIED**.

### Conclusion

In conclusion, for the reasons stated, Skyline's motion to dismiss Plaintiffs' state law claims for negligent hiring, supervision, and retention is well-taken and is **GRANTED**. Those claims are **DISMISSED WITH PREJUDICE**. Skyline's motion to dismiss Plaintiffs' § 1985 claims is not well-taken and is **DENIED**.

**IT IS SO ORDERED**

Date December 19, 2003            s/Sandra S. Beckwith
                                  Sandra S. Beckwith
                                  United States District Judge