02-5440 January 6, 2004
Attorney for Defendant, MRAVG, LLC

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JENNIFER EDDINGS, et al. | ) | Case No. C-1-02-0177 |
| Plaintiffs, | ) | Judge Sandra S. Beckwith |
| V. | ) | MOTION FOR FINAL SUMMARY JUDGMENT OF DEFENDANT, MRAVG, LLC |
| VILLAGE OF WOODLAWN POLICE, et al. | ) | |
| | ) | |
| Defendants. | ) | |

Comes now defendant, MRAVG, LLC, by and through its undersigned counsel, and pursuant to Rule 56 of the Federal Rules of Civil Procedure, respectfully moves this Honorable Court to grant it final summary judgment on all pending claims asserted against it by plaintiffs. Further argument is set forth in the accompanying memorandum. Accompanying this motion are the affidavits of Peter Pardikakis and Joshua Girdler.

Respectfully submitted,

S/Thomas F. Glassman
Thomas F. Glassman, Esq.   (0061466)
SMITH, ROLFES & SKAVDAHL CO., L.P.A.
1014 Vine Street, Suite 2350
Cincinnati, Ohio  45202-1119
(513)  579-0080
(513)  579-0222
tglassman@smithrolfes.com

                    s/Cynthia L. Gibson
                    Cynthia L. Gibson, Esq.   (0041866)
                    KATZ, TELLER, BRANT & HILD
                    255 East Fifth Street, Suite 2400
                    Cincinnati, Ohio 45202-4724
                    (513) 977-3418
                    (513) 721-7120

                    ATTORNEYS FOR DEFENDANT,
                    MRAVG, LLC

## MEMORANDUM

### I.  Statement of Facts

This suit stems from a sexual encounter between Raymond Hughes and Katie Brunsman, occurring on the premises of the Skyline Chili restaurant in Woodlawn. (Complaint). The incident occurred while they were both scheduled to work at the restaurant. This particular Skyline franchise is owned by defendant MRAVG, LLC. The fact a sexual encounter occurred between those persons is not disputed by any of the parties. What is disputed between some of the parties is whether the encounter was consensual. Mr. Hughes contends it was consensual, whereas Ms. Brunsman contends it was not. Ms. Brunsman also alleges she was assaulted to some extent on that date by plaintiff Corey Mayberry, and/or that Mr. Mayberry was an accessory to the alleged assault committed by Mr. Hughes. The issue of consent is not however at all legally relevant to the claims pending against this particular defendant.

Ms. Brunsman filed criminal charges against Messrs. Hughes and Mayberry with the Woodlawn Police Department. (*Id.*). A criminal prosecution against both youths followed in the Juvenile Division of Hamilton County Common Pleas Court. Mr. Mayberry was acquitted on all

charges. (*Id.*). Mr. Hughes was adjudicated delinquent on a charge of gross sexual imposition; he was acquitted on all other charges. (*Id.*).

Following the conclusion of the Juvenile Court proceedings, plaintiffs filed suit. Plaintiffs' complaint consists of four counts. Counts 1 and 3 are not directed toward this defendant. Count 2 was dismissed by this Honorable Court in an Order of December 19, 2003.

Count 4 is the only claim still pending against this defendant. It alleges a conspiracy to deprive the plaintiffs of their civil rights pursuant to 42 USC 1985. Specifically the complaint alleges that this defendant directed its employees not to discuss the events of issue with anyone, thereby hindering the plaintiffs' ability to mount a defense in the Juvenile Court proceedings. The complaint also alleges an employee of this defendant came forward to testify on plaintiffs' behalf at the Juvenile Court level was later terminated from employment.

Joshua Girdler was a manager at the restaurant during the time plaintiffs and Ms. Brunsman were employed there. Mr. Girdler testified at the Juvenile Court proceedings. (Hughes depo. p. 117; Mayberry depo. p. 124). By his own admission, Mr. Girdler was not terminated for testifying on plaintiffs' behalf, but for other valid reasons. (Girdler affidavit).

After criminal charges were filed against plaintiffs, Peter Pardikakis, the principal of MRAVG, LLC, instructed all of his employees that they were not to discuss any of the events at issue while on company time or while on the restaurant's premises. (Pardikakis affidavit). Mr. Pardikakis never told his employees they were prohibited from discussing those events outside of the workplace. (*Id.*).

Mr. Girdler was terminated because he permitted plaintiffs' attorney to use the manager's office to interview employees of the restaurant, on company time, and without a manager being

present in the office. (Pardikakis affidavit; Girdler affidavit). It had always been company policy that no one under any circumstances was allowed in the manager's office without a manager being present. (*Id.*). Mr. Girdler was terminated for allowing these interviews to go on while employees were on the clock, and for allowing a non-manager (plaintiffs' attorney) unsupervised access to the office. (*Id.*). Mr. Girdler was not terminated for testifying at the trial. (*Id.*).

Neither plaintiff was able to identify any past or current employee of this defendant who refused to come forward to testify at the Juvenile Court proceedings. (Hughes depo. p. 119; Mayberry depo. pp. 128, 132). Both plaintiffs acknowledged the restaurant employees who testified at the Juvenile Court proceedings, testified truthfully. (Hughes depo. pp. 117-118; Mayberry depo. pp. 124-125). During that time, and even still today, Mr. Mayberry has a number of relatives who work at the restaurant. (Mayberry depo. pp. 126-128).

## II.    Summary Judgment Standard

Summary judgment is proper where there is no genuine issue as to any material fact and a reasonable jury could only return a verdict in favor of the moving party. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242 (1986). Summary judgment is proper if a party fails to establish the existence of an essential element of their case; this does not require the moving party to negate elements of a plaintiff's case. *Lujan v. National Wildlife Federation*, 110 S.Ct. 1377 (1990).

As noted at the beginning to this motion, consent for the sexual activity at issue is a point of dispute among some of the parties. Consent however is legally irrelevant as it relates to the 1985 claim against this defendant. The issue of consent has no bearing on the ultimate adjudication of that one remaining claim.

### III.  Argument

The relevant portion of 42 USC 1985 provides as follows:

*2) Obstructing justice; intimidating party, witness, or juror*

*If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;*

Under the statute plaintiffs must establish the existence of a conspiracy with a specific purpose in mind. The plaintiffs freely admitted they are unaware of any conspiracy. Whatever limits this defendant allegedly put on its employees' communications were minor and non-intrusive and could not possibly have hindered plaintiffs' defense at the Juvenile Court level. Although a manager was terminated **after** testifying, the grounds for termination had nothing to do with Mr. Girdler's testimony, and were for perfectly lawful reasons. Neither plaintiff suggested anything to the contrary in their depositions.

Plaintiffs must be able to establish the existence of a conspiracy, with the intent to deter testimony, resulting in injury or harm. See *Morast v. Lance*, 807 F.2d 926 (11th Cir. 1987). Mr.

Pardikakis understandably did want events of this nature discussed at the workplace, particularly while legal proceedings were ongoing. The establishment was intended to be a chili parlor, not a house of gossip.

The complaint alleges the termination came about **after** Mr. Girdler testified at the trial. It cannot then be logically argued his termination in any respect harmed plaintiffs or hindered their ability to mount a defense at the Juvenile Court level. Unless the plaintiffs can establish an actual injury, their claims cannot go forward. *Haddle v. Garrison*, 119 S.Ct. 489 (1998).

### IV.   Conclusion

The sole remaining claim against this defendant is the 1985 claim. Discovery is now closed. The evidence before this Honorable Court demonstrates a lack of evidence to satisfy the essential elements of a 1985 claim. The allegations of the plaintiffs' complaint are directly rebutted by the affidavits of the terminating employer and the terminated employee. There is not evidence of any such conspiracy, accordingly summary judgment must be granted.

Respectfully submitted,

S/Thomas F. Glassman
Thomas F. Glassman, Esq.    (0061466)
SMITH, ROLFES & SKAVDAHL CO., L.P.A.
1014 Vine Street, Suite 2350
Cincinnati, Ohio  45202-1119
(513) 579-0080
(513) 579-0222
tglassman@smithrolfes.com

s/Cynthia L. Gibson
Cynthia L. Gibson, Esq.    (0041866)
KATZ, TELLER, BRANT & HILD
255 East Fifth Street, Suite 2400
Cincinnati, Ohio 45202-4724

(513) 977-3418
(513) 721-7120

ATTORNEYS FOR DEFENDANT
MRAVG, LLC

**<u>CERTIFICATE OF SERVICE</u>**

      I hereby certify that on this 28th day of January, 2004, a copy of the foregoing Motion for Final Summary Judgment of Defendant, MRAVG, LLC was filed electronically with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Kenneth L. Lawson, Esq.
KENNETH L. LAWSON & ASSOCIATES
808 Elm Street, Suite 100
Cincinnati, Ohio 45202
ATTORNEY FOR PLAINTIFFS

Lawrence E. Barbiere, Esq.
SCHROEDER, MAUNDRELL, BARBIERE & POWERS
11935 Mason Road, Suite 110
Cincinnati, Ohio 45249
ATTORNEY FOR DEFENDANTS,
VILLAGE OF WOODLAWN POLICE
AND DETECTIVE JAMES OHL

Cynthia L. Gibson, Esq.
KATZ, TELLER, BRANT & HILD
255 East Fifth Street, Suite 2400
Cincinnati, Ohio 45202-4724
CO-COUNSEL FOR DEFENDANT,
MRAVG, LLC

Timothy B. Schenkel, Esq.
FREUND, FREEZE & ARNOLD
Fourth & Walnut Centre
105 East Fourth Street, Suite 1400
Cincinnati, Ohio 45202-4006
ATTORNEY FOR DEFENDANT,
DENNIS BRUNSMAN

Michael W. Hawkins, Esq.
Trina M. Walton, Esq.
Emerson C. Moser, Esq.
DINSMORE & SHOHL
255 East Fifth Street

7

1900 Chemed Center
Cincinnati, Ohio 45202
ATTORNEYS FOR COUNTER-
CLAIMANTS, DENNIS AND
KATHERINE BRUNSMAN

S/Thomas F. Glassman
Thomas F. Glassman