UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JENNIFER EDDINGS, et al.          :   CASE NO.:  C-1-02-0177

    Plaintiffs                :   Judge Sandra S. Beckwith

v.                                :   **MOTION OF DEFENDANT, KATHERINE BRUNSMAN, FOR SUMMARY JUDGMENT**

VILLAGE OF WOODLAWN POLICE, et al.
    Defendants                :

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Comes now the Defendant, Katherine Brunsman, by and through counsel, pursuant to Rule 56 of the Federal Rules of Civil Procedure, and respectfully moves this Court for summary judgment in her favor.  There is no genuine issue as to any material fact and the Defendant, Katherine Brunsman, is entitled to a judgment as a matter of law.  A Memorandum in Support is attached hereto.

    Respectfully submitted,

    /s/Timothy B. Schenkel
    Timothy B. Schenkel (0061110)
    FREUND, FREEZE & ARNOLD
    Fourth & Walnut Centre
    105 East Fourth Street
    Suite 1400
    Cincinnati, OH  45202-4006
    (513) 665-3500
    Attorney for Defendant, Dennis Brunsman, on behalf of his minor child, Katherine Brunsman

## MEMORANDUM

I.  STATEMENT OF FACTS

A sexual encounter between and/or involving the Defendant, Katherine Brunsman, and the Plaintiffs, Raymond Hughes and Corey Mayberry, occurred on September 23 and October 28, 2001. The incidents took place at a Skyline Chili restaurant where Ms. Brunsman, Mr. Hughes and Mr. Mayberry were employed (See Exhibit No. 1 - Affidavit of Katherine Brunsman). While there is an issue as to whether the encounter was consensual, such is not relevant for purposes of this Motion and does not create a genuine issue of material fact.

Following the encounters, Ms. Brunsman did not report either incident to the police. It is believed that a classmate of Ms. Brunsman contacted the authorities after hearing about the incidents. After an investigation, the Woodlawn Police Department arrested and filed charges against both Plaintiffs. Ms. Brunsman's involvement following the incidents was limited to answering questions and providing information to the police and testifying at trial as requested (See Exhibit No. 1 - Affidavit of Katherine Brunsman).

After a hearing before the Hamilton County Juvenile Court, the Plaintiff, Raymond Hughes, was adjudicated delinquent on the charge of gross sexual imposition (See Plaintiffs' Complaint at Para. 33). The Plaintiff, Corey Mayberry, was acquitted of all charges (See Plaintiffs' Complaint at Para. 33).

The above-styled action was filed against the Village of Woodlawn Police, Detective James Ohl, Skyline Chili, as well as Dennis Brunsman, on behalf of his minor child, Katherine Brunsman. With respect to Katherine Brunsman, the Plaintiffs have alleged malicious prosecution and conspiracy to deny the Plaintiffs' rights to equal protection in violation of 42 U.S.C. § 1985 (See Plaintiffs' Complaint at Count I and Count IV).

As a point of clarification, Katherine Brunsman has reached the age of majority and is competent to appear on her own behalf before this Court. As such, reference will be made to Katherine Brunsman instead of her father, Dennis Brunsman, as she is the real party in interest.

## II. LAW & ARGUMENT

### A. THE PLAINTIFFS CANNOT ESTABLISH A CLAIM OF MALICIOUS PROSECUTION AGAINST KATHERINE BRUNSMAN.

In order to prevail on a cause of action for malicious prosecution, the Plaintiffs must prove: (1) malicious institution of prior proceedings against the plaintiffs by the defendant, (2) lack of probable cause; and, (3) termination of the prior proceedings in the plaintiff's favor. Bickley v. FMC Techs, Inc., 282 F.Supp.2d 631, 637 (N.D. Ohio 2003), *citing* Trussel v. General Motors Corp. (1990), 53 Ohio St.3d 142, 146, 599 N.E.2d 732.

The Plaintiffs in this case cannot meet their burden to establish the three requisite elements to recover on a claim of

malicious prosecution against Katherine Brunsman.  First, Katherine Brunsman did not report either incident involving the Plaintiffs to the police or initiate criminal proceedings.  All Ms. Brunsman did was provide information to the investigating officers and testify at trial as requested (See Exhibit No. 1 - Affidavit of Katherine Brunsman).

>   The Supreme Court of Ohio has held:
>
>   Where a private person gives to a prosecuting officer information which he believes to be true, and the officer in the exercise of his uncontrolled discretion initiates criminal proceedings based upon that information, the informer is **not** liable under the rule stated in this section even though the information proves to be false and his belief therein was one which a reasonable man would not entertain.  The exercise of the officer's discretion makes the initiation of the prosecution his own and protects from liability the person whose information or accusation has led the officer to initiate the proceedings.

Archer v. Cachat (1965), 165 Ohio St. 286, 135 N.E.2d 404; see also Bickley, 282 F.Supp.2d at 638 (emphasis added).

It was within the sole discretion of the Woodlawn Police Department to initiate criminal proceedings against the Plaintiffs based upon the information obtained during their investigation.  The fact that they did so cannot and should not be held against Katherine Brunsman.  In addition, there is a total lack of evidence that any proceedings were initiated against the Plaintiffs maliciously by any party to this action.

With regard to the second element necessary to prove malicious prosecution, there is absolutely no evidence in the

record to indicate that any actions of the parties were done with a lack of probable cause. In fact, the adjudification of the Plaintiff, Raymond Hughes, delinquent for gross sexual imposition squarely contradicts the Plaintiffs' assertion of malicious prosecution. Furthermore, the acquittal of a crime is not equivalent to the lack of probable cause. Under Ohio law, probable cause exists when "a defendant had a reasonable ground of belief, supported by trustworthy information and circumstances known to the defendant which would be sufficiently strong to cause a reasonable careful person, under similar circumstances, to believe that the prior proceedings and method of presenting the action were reasonable and lawful." *Bickley*, 282 F.Supp.2d at 638-39; *citing* Deoma v. Shaker Heights (1990), 68 Ohio App.3d 72, 77, 587 N.E.2d 425 (citations omitted).

    Finally, at least with respect to the Plaintiff, Raymond Hughes, the termination of the underlying proceedings was not favorable to Mr. Hughes. As asserted in Plaintiffs' Complaint, Mr. Hughes was in fact adjudicated delinquent for gross sexual imposition (See Plaintiffs' Complaint at Para. 33).

    Therefore, it is clear that the Plaintiffs cannot establish their claim of malicious prosecution as to Katherine Brunsman. As a result, Katherine Brunsman is entitled to a judgement in her favor as to the allegations set forth in Count I of Plaintiffs' Complaint as a matter of law.

**B.   THE PLAINTIFFS CANNOT ESTABLISH THAT KATHERINE BRUNSMAN CONSPIRED TO DENY THE PLAINTIFFS OF THEIR CONSTITUTIONAL RIGHT TO EQUAL PROTECTION.**

As this Court has already noted in its Order granting in part and denying in part MRAVG's Motion to Dismiss, the Plaintiffs have failed to identify which subsection of 42 U.S.C. § 1985 they are alleging the Defendants violated (See Court's Order entered December 19, 2003 at 8). Nonetheless, upon this Court's direction, this Defendant will assume the Plaintiffs are claiming that Katherine Brunsman has in some way conspired to obstruct justice and prevent witnesses from testifying on the Plaintiffs' behalf, thus alleging a cause of action under § 1985(2).

As this Court recognized in its previous Order, a claim stated under § 1985(2) must allege: 1) a conspiracy between two or more persons; 2) for the purpose of impeding, hindering, obstructing or defeating the course of justice in a state or territorial court; and 3) with the intent of denying a citizen the equal protection of the laws or to injure him in his person or property. See Griffin v. Breckenridge, 403 U.S. 88, 102-03, 91 S.Ct. 1790 (1971); Maki v. Laakko, 88 F.3d 361, 367 (6th Cir. Ct. App. 1985).

Under Ohio law, a civil conspiracy has been defined as a "malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual damages." LeFort v. Century Twenty-One

6

<u>Maitland Realty Co.</u> (1987), 32 Ohio St.3d 121, 126, 512 N.E.2d 640.  The malice required is "that state of mind under which a person does a wrongful act purposefully, without a reasonable or lawful excuse, to the injury of another."  <u>Williams v. Aetna Finance Co.</u> (1998), 83 Ohio St.3d 464, 475, 700 N.E.2d 859, citations omitted.

The Plaintiffs in this case cannot meet their evidentiary burden to establish that any conspiracy took place.  Moreover, the Plaintiffs cannot establish that, even assuming there was a conspiracy, that Katherine Brunsman was in any way involved in that conspiracy.

To support their allegations, the Plaintiffs claim that Skyline instructed all of its employees not to cooperate and give truthful testimony and evidence to the Plaintiffs (See Plaintiffs' Complaint at Para. 57).  Further, the Plaintiffs allege that "orders were given by Defendant Detective Ohl and Defendant MRAVG to employees not to testify in Court on behalf of Plaintiffs and if they did testify they would be terminated from their employment" (See Plaintiffs' Response to MRAVG's Motion to Dismiss at 3).  According to the Plaintiff, Skyline did, in fact, terminate one if its employees in retaliation for coming forward and testifying on behalf of the Plaintiffs in the underlying litigation (See Plaintiffs' Complaint at Para. 59).

Though they have specifically pointed to an alleged conspiracy between Detective Ohl and Defendant MRAVG, which this

7

Defendant does not agree exists in the first place, the Plaintiffs have not pleaded any facts, nor is there any evidence available to establish that Katherine Brunsman was an active member of any alleged conspiracy, even if true. As this Court has previously noted, mere conclusory allegations of joint participation in a conspiracy are insufficient to survive a motion to dismiss, or, in this case, a motion for summary judgment. <u>Balderaz v. Porter</u>, 578 F.Supp. 1491, 1496, *citing* <u>Glaros v. Perse</u>, 628 F.2d 679, 685 (1st Cir. 1980). Katherine Brunsman did not in any way attempt or conspire to intimidate witnesses, nor did she have the clout to do so if she wanted to. The Plaintiffs have not pointed to one action taken by or fact incriminating Katherine Brunsman whatsoever.

Therefore, as a matter of law, there is no proof tending to establish that Katherine Brunsman was involved in any alleged conspiracy to deprive the Plaintiffs of equal protection. The Plaintiffs cannot meet their burden to establish a cause of action against Katherine Brunsman under 42 U.S.C. § 1985, and Katherine Brunsman is entitled to a judgment in her favor as to the allegations set forth in Count IV of Plaintiffs' Complaint as a matter of law.

## III. CONCLUSION

It is clear that there is absolutely no evidence to support the claims of malicious prosecution and conspiracy to deny the Plaintiffs' rights to equal protection in violation of 42 U.S.C.

FREUND, FREEZE & ARNOLD
A Legal Professional Association

§ 1985 as alleged by the Plaintiffs against Katherine Brunsman. Katherine Brunsman did not initiate any legal proceedings against the Plaintiff and, as a result, cannot be held liable for malicious prosecution. Moreover, Katherine Brunsman was in no position to conspire with any other party to this action, nor is there any evidence to suggest that she did participate in any alleged conspiracy to hinder the Plaintiffs' rights to equal protection. Therefore, for all the foregoing reasons, the Defendant, Katherine Brunsman, requests this Court grant her Motion for Summary Judgment as she is entitled to judgment as a matter of law.

Respectfully submitted,

/s/Timothy B. Schenkel
Timothy B. Schenkel (0061110)
FREUND, FREEZE & ARNOLD
Fourth & Walnut Centre
105 East Fourth Street
Suite 1400
Cincinnati, OH  45202-4006
(513) 665-3500
tschenke@ffalaw.com
Attorney for Defendant, Dennis Brunsman, on behalf of his minor child, Katherine Brunsman

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Motion for Summary Judgment was served, via electronic filing and via ordinary U.S. mail, postage prepaid, this 30th day of January, 2004, upon the following parties:

Kenneth L. Lawson
KENNETH L. LAWSON & ASSOCIATES
The Dominion Building
808 Elm Street
Suite 100
Cincinnati, OH  45202-1914

Lawrence E. Barbiere
SCHROEDER, MAUNDRELL, BARBIERE & POWERS
11935 Mason Road, Suite 110
Cincinnati, Ohio  45249-3703

Cynthia L. Gibson
KATZ, TELLER BRANT & HILD
255 East Fifth Street
Suite 2400
Cincinnati, OH 45202-4787

Thomas F. Glassman
SMITH, ROLFES & SKAVDAHL CO., L.P.A.
1014 Vine Street, Suite 2350
Cincinnati, OH 45202-1119

Michael W. Hawkins
Trina M. Walton
Emerson C. Moser
DINSMORE & SHOHL
255 East Fifth Street
1900 Chemed Center
Cincinnati, OH  45202

/s/Timothy B. Schenkel
Timothy B. Schenkel (0061110)