02-5440 April 20, 2004
Defendant, MRAVG, LLC

## IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| JENNIFER EDDINGS, et al. | ) | Case No.  C-1-02-0177 |
| Plaintiffs, | ) | Judge Sandra S. Beckwith |
| | | Magistrate Judge David S. Perelman |
| V. | ) | |
| VILLAGE OF WOODLAWN POLICE, et al. | ) | **REPLY MEMORANDUM OF MRAVG, LLC IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Comes now defendant, MRAVG, LLC, by and through its undersigned counsel, and

respectfully submits to this Honorable Court and all parties to this action its reply memorandum in

support of its previously filed motion for summary judgment.

s/Thomas F. Glassman
Thomas F. Glassman, Esq. (0061466)
SMITH, ROLFES & SKAVDAHL CO., L.P.A.
1014 Vine Street, Suite 2350
Cincinnati, Ohio  45202-1119
(513)  579-0080 - Telephone
(513)  579-0222 - Facsimile
e-mail: Tglassman@smithrolfes.com

s/Cynthia L. Gibson
Cynthia L. Gibson, Esq. (0041866)
KATZ, TELLER, BRANT & HILD
255 East Fifth Street, Suite 2400
Cincinnati, Ohio 45202-4724
(513) 977-3418 - Telephone
(513) 721-7120 or (513) 721-1420 - Facsimile

ATTORNEYS FOR DEFENDANT,
MRAVG, LLC

2

# MEMORANDUM

The first four pages of the plaintiffs' response is simply a recitation of the facts alleged by them in their complaint. In the context of a Rule 12 motion the allegations of a complaint must be accepted as true, but the same cannot be said for a motion for summary judgment. Under Rule 56 the focus is on evidence in the record as opposed to unsubstantiated allegations contained in pleadings. Rule 56(e) allows for affidavits to be submitted in response to motions for summary judgment, but still imposes evidentiary requirements for the content of affidavits. Under the rule, affidavits must be based upon an individual's personal knowledge and must contain facts which would be admissible as evidence. This same rule expressly provides a party responding to a motion for summary judgment may not simply rest on the allegations of their pleadings.

A considerable portion of the plaintiffs' summary judgment response addresses the issue of consent for the sexual activity in question. While consent may be relevant as it relates to the other defendants, consent is legally irrelevant as it relates to the one remaining cause of action still pending against this defendant - count four of the complaint, the 1985 claim.

Plaintiffs' memorandum also makes considerable reference to the transcripts of the juvenile court proceedings. Again, those transcripts may be of relevance as they relate to claims of other parties, but have no impact on the remaining claims against this defendant. Whether managers at the restaurant knew, did not know, or should have known, sexual activity and/or conversations were taking place has no bearing on this defendant's motion for summary judgment. To the extent this ever was a relevance issue in this litigation, it was disposed of when this Honorable Court dismissed count two of the plaintiffs' complaint. Whether managers knew or participated in sexually themed conversations bears no relevance to the pending 1985 claim.

Plaintiffs' response is factually inconsistent within itself. On one hand, plaintiffs claim this defendant was part of a conspiracy to violate their civil rights by preventing its employees from testifying at their trial. However, on page eleven of the plaintiffs' memorandum, they assert "so many other employees" of this defendant testified at the juvenile court proceedings favorably for plaintiffs, and contradicted Ms. Brunsman's version of the incident. In particular, plaintiffs identify Josh Girdler and Justin Toran (a manager and a manager-in-training) as being favorable witnesses. Plaintiffs also concede Mr. Girdler's termination from employment did not take place until after he testified at the trial. Thus even if his termination was a punitive measure (which this defendant vigorously disputes), it still had no causal effect on the outcome of the juvenile court proceedings. Thus the only person with standing to assert any claims as they relate to Mr. Girdler's termination is Mr. Girdler himself, and his affidavit confirms he was not terminated for testifying.

Plaintiffs submit three affidavits in response to the various motions for summary judgment. The affidavit of Raymond Hughes does not address any of the claims involving this particular defendant. The affidavits of Jennifer Eddings and Corey Mayberry are rife with hearsay and are not proper for consideration based upon the requirements imposed by Rule 56.

Paragraph one of Ms. Eddings' affidavit references a conversation she had with an unnamed employee of the restaurant who supposedly made comments that they were not permitted to discuss this case with her or her son's attorney. The affidavit does not name this employee or identify their position. The affidavit also does not indicate when this conversation took place.

Paragraphs two and three reference a conversation Ms. Eddings supposedly had with Beverly "Sizemore", who she claims to be a manager. There was never an employee by that name at the restaurant. There was a manager named Beverly Sizelove. Any efforts by Ms. Eddings to verify her

4

son's work schedule are irrelevant as he ultimately admitted in his deposition that he was at work at the restaurant when the sexual encounter occurred. The affidavit also references comments supposedly made by Ms. Sizelove as to instructions given to her by the "owner" of the restaurant.

Paragraphs four and five of Ms. Eddings' affidavit do not relate to this defendant.

Paragraph six references "many Skyline employees" but does not identify any of them by name. She also claims in that paragraph individuals would not discuss this case with her son's attorney, but she does not indicate how she became aware of that information, thus calling into question whether it was truly based upon her personal knowledge.

Similar questions exist with regard to the affidavit of Corey Mayberry, both as to the requisite level of personal knowledge as well as hearsay. In paragraph one of his affidavit, he claims his attorney went to the restaurant prior to trial to discuss this matter with employees. He does not indicate how he was made aware of this. It is known he was not present for any such meetings as in the following paragraph he acknowledges he was incarcerated prior to trial.

In paragraph seven he claims he was told by "several employees and managers of Skyline" of the supposed conspiracy of silence, but he is unable to name any of those supposed individuals. This is particularly surprising in view of the fact Mr. Mayberry knew a number of employees by name, and in fact a number of family members of his also worked and continue to work at the restaurant. (Mayberry depo. pages 117, 118, 126, 127).

It is implicit in these affidavits they are based in part upon information the affiants did not know firsthand and could only have learned through counsel. Specifically this relates to meetings their attorney either had or tried to have with employees of the restaurant. Thus any such assertions in their affidavits cannot be said to be based upon their personal knowledge.

Plaintiffs also reference the trial testimony of Amanda Hollingsworth out of context. They cited page 64 of the juvenile court transcript where she testified, but their reference to her testimony is incomplete. Ms. Hollingsworth did not testify at those proceedings that employees were instructed not to cooperate with plaintiffs' counsel or in any manner hinder their defense. She simply indicates they were told not to discuss this matter with anyone. If in fact such instructions were given, that still does not trigger any recognizable theory of recovery.

Under FRE 802 hearsay is not admissible as evidence. Rule 56 requires any evidence submitted with regard to a motion for summary judgment must still somehow be admissible. FRE 803 addresses a number of exceptions to the rule against hearsay, but none of those apply to the present facts.

It is anticipated plaintiffs may try to argue the various statements in the affidavits do not qualify as hearsay, pursuant to FRE 801(d)(2). This however is legally unfounded. That subsection of the rule does provide a statement might not be hearsay if it is an admission of a party opponent or a statement made by a proper representative of a party. The case law, however, addressing hearsay on these issues confirms the affidavits do not contain proper evidence.

In order for FRE 801(d)(2)(D) to apply, the statement must be made by the employer's representative concerning a matter within the scope of their employment, during the period of employment. See *Hill v. Spiegel, Inc.* (6th Cir. 1983), 708 F 2d 233. The mere fact a comment is attributed to a "manager" is not sufficient to trigger the application of the rule. *Id.* Also see *Mitroff v. Xomox Corp.* (6th Cir. 1986), 797 F 2d 271.

Hearsay evidence cannot be considered with regard to a motion for summary judgment. *Wiley v. United States* (6th Cir. 1994), 20 F 3d 222.

Plaintiffs may try to argue an issue of fact is created by Corey Mayberry asserting a different basis for Josh Girdler's termination than is set forth in Mr. Girdler's affidavit itself. This, however, is not accurate. A somewhat similar fact pattern was presented in *Jacklyn v. Schering-Plough Healthcare Products Sales Corp.* (6th Cir. 1999), Case No. 98-1335, unreported. That appeal involved an employment discrimination case. The plaintiff argued one manager told her another manager made comments which were derogatory about female employees. Both managers denied making any such comments, either to each other, or to plaintiff. The Court of Appeals recognized these statements as hearsay and confirmed they were not proper for consideration. In that particular case the Court of Appeals also noted neither of the managers in question were involved in the decision to terminate plaintiff's employment. Another case on point is *Cooley v. Carmike Cinemas, Inc.* (6th Cir. 1994), 25 F 3d 1325.

Plaintiffs' inability or unwillingness to identify employees who supposedly made comments to them is also critical for the purposes of these hearsay determinations. *Mitchell v. Toledo Hospital* (6th Cir. 1992), 964 F 2d 577. That suit also involved a discrimination case where a plaintiff attempted to present an affidavit based upon comments made to her by unidentified employees of her employer. The court there recognized plaintiff's affidavit contained hearsay and upheld its exclusion.

Plaintiffs suggest inferences can be drawn to establish not only the existence of a conspiracy, but to also suggest any such conspiracy was racially based. There is, however, a tremendous difference between inferences and wild speculation. The plaintiffs are attempting to impute stereotypes on this defendant and its ownership and management which are factually unfounded. Anyone can speculate as to any detail. Reasonable minds can only draw reasonable conclusions.

The only reasonable conclusion which can be drawn here is in favor to this defendant and summary judgment is therefore proper.

Respectfully submitted,

s/Thomas F. Glassman
Thomas F. Glassman, Esq. (0061466)
SMITH, ROLFES & SKAVDAHL CO., L.P.A.
1014 Vine Street, Suite 2350
Cincinnati, Ohio  45202-1119
(513)  579-0080 - Telephone
(513)  579-0222 - Facsimile
e-mail: Tglassman@smithrolfes.com

s/Cynthia L. Gibson
Cynthia L. Gibson, Esq. (0041866)
KATZ, TELLER, BRANT & HILD
255 East Fifth Street, Suite 2400
Cincinnati, Ohio 45202-4724
(513) 977-3418 - Telephone
(513) 721-7120 or (513) 721-1420 - Facsimile

ATTORNEYS FOR DEFENDANT,
MRAVG,LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of April, 2004 a copy of the foregoing reply memorandum of MRAVG, LLC in support of its motion for summary judgment was filed electronically with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Kenneth L. Lawson, Esq.
KENNETH L. LAWSON & ASSOCIATES
808 Elm Street, Suite 100
Cincinnati, Ohio 45202
ATTORNEY FOR PLAINTIFFS

Lawrence E. Barbiere, Esq.
SCHROEDER, MAUNDRELL,
BARBIERE & POWERS
11935 Mason Road, Suite 110
Cincinnati, Ohio 45249
ATTORNEY FOR DEFENDANTS,
VILLAGE OF WOODLAWN POLICE
AND DETECTIVE JAMES OHL

Cynthia L. Gibson, Esq.
KATZ, TELLER, BRANT & HILD
255 East Fifth Street, Suite 2400
Cincinnati, Ohio 45202-4724
CO-COUNSEL FOR DEFENDANT,
MRAVG, LLC

Timothy B. Schenkel, Esq.
FREUND, FREEZE & ARNOLD
Fourth & Walnut Centre
105 East Fourth Street, Suite 1400
Cincinnati, Ohio 45202-4006
ATTORNEY FOR DEFENDANT,
DENNIS BRUNSMAN

Michael W. Hawkins, Esq.
Trina M. Walton, Esq.
Emerson C. Moser, Esq.
DINSMORE & SHOHL
255 East Fifth Street
1900 Chemed Center
Cincinnati, Ohio 45202
ATTORNEYS FOR COUNTER-
CLAIMANTS, DENNIS AND
KATHERINE BRUNSMAN

s/Thomas F. Glassman